**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Landon Palmer,<br><br>             Plaintiff,<br><br>v.<br><br>Rancho Sahuarita Management Company LLC, et al.,<br><br>             Defendants. | No. CV-23-00566-TUC-SHR<br><br>**Screening Order Dismissing Complaint** |

Plaintiff Landon Palmer, who is representing himself, filed a complaint for employment discrimination along with an Application to Proceed in Forma Pauperis ("IFP"). (Docs. 1, 2.) For the follow reasons, the Court will grant Plaintiff IFP status and dismiss his Complaint without prejudice.

**I.     BACKGROUND**

In his Complaint, Plaintiff sues Rancho Sahuarita Management Company, LLC ("Rancho Sahuarita"), Michelle Moreno, Fred Lewis, and Marissa Telles.[1] (Doc. 1 at 2.) Plaintiff asserts claims regarding Rancho Sahuarita's failure to hire him based on unequal terms and conditions of employment. (*Id.* at 4.) Specifically, Plaintiff alleges Rancho Sahuarita denied his religious accommodation and failed to hire him because of his undisclosed religion. (*Id.* at 4–5.) According to Plaintiff, Rancho Sahuarita discriminated against him because it only accepted "organized religions as having grounds for

---

[1] The Court will construe Plaintiff's reference to "Respondent" as referring the place he sought employment from— Rancho Sahuarita. (Doc. 1 at 5.) Based on the identical address and information provided in the Complaint, it appears Defendants Moreno, Lewis, and Telles are employees at Rancho Sahuarita. (*Id.* at 2–5.)

accommodation requests." (*Id.* at 4.) Plaintiff seeks monetary relief. (*Id.* at 6.)

Plaintiff alleges the following:[2]

On April 23, 2022, Plaintiff applied to Rancho Sahuarita for a "Swim Instructor and/or Lifeguard" employment position. (Doc. 1 at 5.) On April 26, Plaintiff attended Rancho Sahuarita's skill demonstration meeting. (*Id.*) On May 16, Plaintiff requested a religious accommodation to have the Covid-19 vaccination requirement waived. (*Id.*) On May 20, Rancho Sahuarita advised Plaintiff he had to submit his request to Defendant Lewis, but he alleges Rancho Sahuarita failed to provide him with the contact information for Defendant Lewis. (*Id.*) On May 23, Rancho Sahuarita sent Plaintiff an email advising him his religious accommodation paperwork was missing the required letter from his religious leader. (*Id.*) On May 30, Plaintiff submitted his religious accommodation paperwork to Defendant Moreno including a statement informing Rancho Sahuarita Plaintiff did not have a religious leader. (*Id.*)

On June 8, Plaintiff emailed Defendant Moreno requesting an update on his application. (Doc. 1 at 5.) That same day, Defendant Moreno replied and told him his request was different than other applicants because he did not have a religious leader and the request was being reviewed by Rancho Sahuarita's consultants. (*Id.*) Rancho Sahuarita never approved his religious request or hired Plaintiff. (*Id.*)

On December 12, 2022,[3] Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory conduct. (Doc. 1 at 5.) The Arizona Attorney General issued a Notice of Right to Sue letter on September 14, 2023, which included an EEOC number. (*Id;* Doc. 1-1 at 2 (listing an EEOC number).) Plaintiff filed this lawsuit on December 18, 2023. (Doc. 1 at 1.)

**II.    IFP APPLICATION**

The Court may authorize the commencement and prosecution of a civil action IFP "without prepayment of fees or security" if the plaintiff submits an affidavit including a

---

[2]Plaintiff alleges the dates are approximates.
[3]Plaintiff listed "12/12/2023" on his Complaint but that appears to be a typo based on the context of the Complaint. (Doc. 1 at 5.)

- 2 -

statement of all assets. 28 U.S.C. § 1915(a)(1). In IFP proceedings officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Here, Plaintiff's IFP application shows his expenses exceed his income. Therefore, the Court will grant the application. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234–36 (9th Cir. 2015).

### III. STATUTORY SCREENING

Because Plaintiff seeks to proceed IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g., Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. *See Lopez*, 203 F.3d at 1126–27.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint suggesting the "mere possibility of misconduct" or providing "unadorned, the-defendant-unlawfully-harmed-me

accusation[s]" does not satisfy *Iqbal's* plausibility standard. *Id.* at 678–79. Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## IV. ANALYSIS

### A. Exhausting Administrative Remedies

To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id.* at 1099 (citing § 2000e-5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Id.* (cleaned up). The EEOC complaint must be filed within 180 days of the alleged unlawful employment practice, or, if the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." § 2000e-5(f)(1). Once a person receives this letter, he has 90 days to file suit. *Id.* Similarly, under the Arizona Civil Rights Act ("ACRA"), A.R.S. §§ 41-1401 to 1493.02, an applicant must file a charge within 180 "days after the alleged unlawful employment practice occurred." A.R.S. § 41-1481(A). Then, a lawsuit must be filed in court no later than one year after the employment discrimination charge was filed. A.R.S. § 41-1481(D).

Here, Plaintiff alleges the discrimination occurred between "May 30, 2022-June 8, 2022." (Doc. 1 at 4.) Plaintiff alleges he filed charges with the EEOC and the State of Arizona Attorney General's Office on December 12, 2022. (Doc. 1 at 5; Doc. 1-1 at 2.) Assuming Plaintiff "initially instituted proceedings with the state or local administrative agency," his Title VII claim is not time-barred because it falls within the 300 days of the alleged discrimination. However, his claim is time barred under Arizona law because it

was not filed within 180 days of when the discrimination is alleged to have occurred and there are not enough facts in the complaint to determine if equitable tolling applies. *See* A.R.S. § 41-1481(A); *Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63, 65 (Ariz. Ct. App. 1997) ("Equitable tolling applies when the plaintiff is excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing."); *Cox v. Glob. Tool Supply LLC*, No. CV-20-00152-PHX-GMS, 2020 WL 4464384, at *2 (D. Ariz. Aug. 4, 2020) ("[T]he facts necessary to support equitable tolling must be alleged in the complaint.").

Moreover, the Arizona Attorney General's Office emailed and mailed Plaintiff's father a Notice of Right to Sue Letter on September 14, 2023.[4] (*Id.*)  At this early stage in the proceedings, the Court will presume Plaintiff's Complaint is within the 90-day requirement because it is dated December 12, 2023 and Plaintiff indicates he mailed the Complaint to the Court on that date.

**B. Title VII**

Title VII prohibits employers from refusing to hire or discriminating against individuals with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's" religion.  42 U.S.C. § 2000e-2(a).

To state a prima facie case for discrimination based on a failure to hire, a plaintiff must state: "(1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Having liberally construed the Complaint, the Court finds Plaintiff fails to state a discriminatory failure-to-hire claim under Title VII.  Plaintiff alleges he is a member of a

---

[4] It appears Plaintiff's father received the letter on behalf of Plaintiff. (Doc. 1-1 at 2.)  This might be because Plaintiff was a minor at the time of the alleged discrimination and up until July 2023. (*See* Doc. 1-1 at 1.)

protected class based on his undisclosed unorganized religion and he applied for and would have received the position but for his failure to obtain a letter from a religious leader in support of his religious vaccination exemption.[5]  However, Plaintiff does not allege the position he applied for was filled by an employee not of Plaintiff's class or that Rancho Sahuarita continued to consider other applicants whose qualifications were comparable to Plaintiff's after rejecting him.  Therefore, the Court will dismiss the Complaint.

### C. Individual Defendants

While Title VII allows persons to sue an employer for religious discrimination, individuals may not be held personally liable under its framework. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) (finding previous holding "that individual defendants cannot be held liable for damages under Title VII is good law").  Therefore, Plaintiff's claims against Moreno, Lewis, and Telles will be dismissed with prejudice.

### D. Leave to Amend

A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (internal quotation marks omitted) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

Here, Plaintiff will be granted leave to amend his claim with respect to Title VII claim against Defendant Rancho Sahuarita only.  Plaintiff may also provide additional facts to support an equitable tolling claim for his ACRA claim if he believes this applies.

Plaintiff must clearly designate on the face of the document it is the "First Amended Complaint."  The First Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.  The First Amended Complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint and

---

[5]The Court questions the viability of any complaint alleging religious discrimination where no religion is set forth; however, that issue will not addressed at this time since Plaintiff's Complaint fails to state a claim on another element, and Plaintiff is given leave to amend his Complaint.  *See infra* IV(D).

voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V.  WARNINGS

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED** Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.

**IT IS FURTHER ORDERED** Defendants Moreno, Lewis, and Telles are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff chooses to file an amended complaint in compliance with this Order, he must do so no later than **Wednesday May 8, 2024,** or his case shall be dismissed.

Dated this 8th day of April, 2024.

Honorable Scott H. Rash
United States District Judge