**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Landon Palmer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Rancho Sahuarita Management Company LLC, et al.,<br><br>　　　　　Defendants. | No. CV-23-00566-TUC-SHR<br><br>**Screening Order Re: First Amended Complaint** |

On December 18, 2023, Plaintiff Landon Palmer, who is representing himself, filed his Complaint (Doc. 1 at 1) and an Application to Proceed in Forma Pauperis (Doc. 2 at 1). On April 9, 2024, the Court granted the Application to Proceed in Forma Pauperis but dismissed the Complaint because Plaintiff had failed to state a claim under Title VII, and where his claim under the Arizona Civil Rights Act was time barred. (Doc. 6 at 4–5, 7.) The Court gave Plaintiff 30 days to file a First Amended Complaint. (*Id.* at 7.) On May 8, 2024, Plaintiff filed a First Amended Complaint. (Doc. 7 at 1.) For the following reasons, the Court will dismiss the First Amended Complaint without prejudice.

## I.   STATUTORY SCREENING

Because Plaintiff proceeds IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon

which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. *See Lopez*, 203 F.3d at 1126–27.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint suggesting the "mere possibility of misconduct" or providing "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" does not satisfy *Iqbal's* plausibility standard. *Id.* at 678–79. Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## II.  FIRST AMENDED COMPLAINT

In his First Amended Complaint, Plaintiff sues Rancho Sahuarita Management Company, LLC ("Rancho Sahuarita"). (Doc. 7 at 1.) Plaintiff asserts claims regarding Rancho Sahuarita's failure to hire him based on "unequal terms and conditions" of employment. (*Id.*) Specifically, Plaintiff alleges Rancho Sahuarita denied his religious accommodation and failed to hire him because of his undisclosed religion. (*Id.* at 7–10.) According to Plaintiff, Rancho Sahuarita discriminated against him because it only accepted "organized religions as having grounds for accommodation requests." (*Id.* at 9.) Plaintiff seeks monetary relief. (*Id.* at 2.)

Plaintiff alleges the following:[1]

On April 23, 2022, Plaintiff applied to Rancho Sahuarita for a "Swim Instructor and/or Lifeguard" employment position. (Doc. 7 at 10.) On May 7, Plaintiff attended Rancho Sahuarita's "skill demonstration meeting." (*Id.*) On May 16, Plaintiff requested a religious accommodation to have the Covid-19 vaccination requirement waived. (*Id.*) On May 20, Rancho Sahuarita advised Plaintiff he "had to submit [his] request to Mr. Lewis," but he alleges Rancho Sahuarita "failed to provide [him with] the contact information for Mr. Lewis." (*Id.*) On May 23, Rancho Sahuarita sent Plaintiff "an email advising [him his] religious accommodation paperwork was missing the required letter from [his] religious leader." (*Id.*) On May 30, Plaintiff "submitted [his] religious accommodation paperwork to . . . Michelle Moreno" including a statement informing Rancho Sahuarita Plaintiff "did not have a religious leader." (*Id.*)

On June 8, Plaintiff emailed Moreno requesting "an update on [his] application . . . ." (Doc. 7 at 10.) That same day, Moreno replied and told him his request "was different than other applicants because [he] did not have a religious leader and the request was being reviewed by [Rancho Sahuarita's] consultants." (*Id.*) Rancho Sahuarita "never approved [his] religious request" or hired Plaintiff. (*Id.*) Plaintiff alleges he "contacted other individuals and found out . . . those who had submitted a support letter from a religious leader were hired within a timely manner" for "the same position." (*Id.* at 1, 10.) According to Plaintiff, this included individuals "who were not of the same protected class as [him]" and he would have been hired "but for [his] religion."[2] (*Id.* at 10.) Plaintiff did not disclose his religious beliefs or religion. (*Id.*)

On December 12, 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory conduct. (Doc. 7 at 11.) The Arizona Attorney General issued a Notice of Right to Sue letter on September 14, 2023, which included an EEOC number. (*Id.* at 11, 15 (listing an EEOC number).)

---

[1] Plaintiff alleges the dates are approximates. (*See* Doc. 7 at 10.)
[2] Specifically, he alleges, "[i]ndividuals hired with an accommodation request included A. Huber and C. McCord. Other individuals hired without a request include P. Hammer, J. Walton, ad R. Miramontes." (Doc. 7 at 1–2.)

- 3 -

### III. ANALYSIS

#### A. Exhausting Administrative Remedies

To establish subject-matter jurisdiction over a Title VII claim, a plaintiff must exhaust his administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id.* (citing 42 U.S.C. § 2000e-5(b)). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Id.* (cleaned up). The EEOC complaint must be filed within 180 days of "the alleged unlawful employment practice," or, if the person "initially instituted proceedings with [the] State or local [administrative] agency," within 300 days of "the alleged unlawful employment practice." § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." *See* § 2000e-5(f)(1). Once a person receives this letter, he has 90 days to file suit. *Id.* Similarly, under the Arizona Civil Rights Act ("ACRA"), A.R.S. §§ 41-1401 to 1493.02, an applicant must file a charge within 180 "days after the alleged unlawful employment practice occurred." A.R.S. § 41-1481(A).

Here, Plaintiff alleges the discrimination occurred between "May 30, 2022-June 10, 2022." (Doc. 7 at 8.) Plaintiff alleges he filed charges with the EEOC and the State of Arizona Attorney General's Office on December 12, 2022. (*Id.* at 11, 15.) The Court will allow the Title VII claim to proceed for the reasons mentioned in the April 9 Order. (*See* Doc. 6 at 4–5.) Plaintiff's claim remains time barred under Arizona law because it was not filed within 180 days of when the discrimination is alleged to have occurred.

Because Plaintiff's Complaint suggested he attempted to pursue an equitable tolling theory, the Court granted Plaintiff leave to amend his Complaint to try to support this theory. (Doc. 6 at 6.) However, Plaintiff fails to allege facts in his First Amended Complaint to support such a theory. Specifically, Plaintiff fails to allege *how* being a minor made him "unable to act on this case" (Doc. 7 at 10), and how that makes him "excusably

ignorant." *See Kyles v. Contractors/Eng'rs Supply, Inc.*, 949 P.2d 63, 65 (Ariz. Ct. App. 1997) ("Equitable tolling applies when the plaintiff is excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing.") Plaintiff also does not allege facts to support Rancho Sahuarita would not be prejudiced by the late filing. *See id.* Therefore, the Court will dismiss the ACRA claim without prejudice.

### B. Title VII

Title VII prohibits employers from refusing to hire or discriminating against individuals with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . . ." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie case for discrimination based on a failure to hire, a plaintiff must state: "(1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications;" and, lastly, "(4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Under Title VII, "[t]he term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to [a] . . . prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). "To plead a prima facie case of failure to accommodate religion under Title VII . . . , a plaintiff must allege . . . she holds 'a *bona fide* religious belief' that conflicts with an employment requirement." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023) (emphasis added). Disclosing religious beliefs is essential in this context because a Title VII religious discrimination claim may be challenged based on whether the plaintiff's "belief is not truly religious in nature or is not sincerely held." *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021) (emphasis added) (citation omitted).

Here, Plaintiff fixed some of the deficiencies previously identified by the Court.[3] Nonetheless, Plaintiff fails to state a claim for Title VII religious discrimination by failing to disclose his religious beliefs. Plaintiff must state his religious beliefs and explain how these beliefs conflict with Defendant's employment requirement. The Court finds this difficult, if not impossible, unless Plaintiff discloses his religion. *Cf. Martinez v. Sprouts Farmers Market, LLC*, No. CV H-21-2096, 2021 WL 4034063, at *3 (S.D. Tex. Sept. 3, 2021) (dismissing Title II claim where the plaintiff had "not alleged [he was] a member of a protected class. He allege[d] only that he had an unspecified and conclusory 'religious reason' for not wearing a face mask"); *Abdel-Fares v. Terris*, No. 14-CV-13301, 2015 WL 3451256, at *1 (E.D. Mich. May 29, 2015) (dismissing religion discrimination claim where the plaintiff "did not allege 'any facts as to how the . . . program negatively impact his ability to practice his (unspecified) religion'" (citation omitted)).

### C. <u>Leave to Amend</u>

A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (internal quotation marks omitted) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

Here, Plaintiff will be granted leave to amend his claim to provide additional facts to support his Title VII claim or his equitable tolling claim for his ACRA claim.

Plaintiff must clearly designate on the face of the document it is the "Second Amended Complaint." The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the other complaints by reference. The Second Amended Complaint supersedes the other complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint, and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaints and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in the Second Amended Complaint. *Lacey v. Maricopa*

---

[3] The Court previously warned Plaintiff it questioned the viability of any complaint alleging religious discrimination where no religion is set forth. (Doc. 6 n.5.)

*County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## IV. WARNINGS

### A. Address Changes

If there is a change of address, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED** Plaintiff's First Amended Complaint claim is **DISMISSED WITHOUT PREJUDICE.** If Plaintiff chooses to file an amended complaint in compliance with this Order, he must do so no later than Monday July 8, 2024, or his case shall be dismissed.

Dated this 7th day of June, 2024.

Honorable Scott H. Rash
United States District Judge