**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Landon Palmer,<br><br>    Plaintiff,<br><br>v.<br><br>Rancho Sahuarita Management Company LLC, et al.,<br><br>    Defendants. | No. CV-23-00566-TUC-AMM<br><br>**SCREENING ORDER RE: SECOND AMENDED COMPLAINT** |

Landon Palmer, proceeding self-represented, filed a Complaint (doc. 1) and an application to proceed *in forma pauperis* ("IFP") (doc. 2) on December 18, 2023. On April 9, 2024, the Court granted the IFP application but dismissed the Complaint because Plaintiff failed to state a claim under Title VII, and Plaintiff's claim under the Arizona Civil Rights Act was time barred. (Doc. 6 at 4–5, 7.) On May 8, 2024, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 7.) On June 19, 2024, the Court dismissed the FAC without prejudice because Plaintiff failed to state a claim under Title VII. (Doc. 8 at 6.) On July 8, 2024, Plaintiff filed a Second Amended Complaint ("SAC") alleging employment discrimination because of his religion in violation of Title VII. (Doc. 9.) The Court now screens Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e). For purposes of screening, the Court finds that Plaintiff states a plausible claim for relief under Title VII.

///

///

///

I.      **Statutory Screening of In Forma Pauperis Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted IFP status, the court shall dismiss the case if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

To survive the screening, the complaint must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Even if the Court determines Plaintiff has stated a claim under § 1915(e)(2), this

does not prevent Defendant from raising a 12(b)(6) or Rule 56 motion. "[A] defendant's right to bring a motion to dismiss is not foreclosed by the issuance of a *sua sponte* screening providing that the [plaintiff] has stated a claim." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *see Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir.1990) (determining that "once an *in forma pauperis* plaintiff raises a cognizable claim, a district court may not dismiss it *sua sponte* under section 1915(d), even if the complaint does not flesh out all of the requisite details. So long as the *in forma pauperis* plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion."); *see also Harris v. Ford*, 32 F.Supp.2d 1109, 1111 (D. Alaska 1999) (allowing a dispositive motion after complaint had passed the court's screening process and was served upon defendants.).

**II.     Second Amended Complaint**

In Plaintiff's SAC, Plaintiff sues Rancho Sahuarita Management Company, LLC ("Rancho Sahuarita") for its failure to hire him based on "unequal terms and conditions" of employment in violation of Title VII, 42 U.S.C. §§ 2000(e)–e-17. (Doc. 9 at 1.) Specifically, Plaintiff alleges that during his application process he submitted a religious accommodation request to Rancho Sahuarita to waive the company's COVID-19 vaccination requirement because of Plaintiff's "deeply held religious belief that children (minors under 18) should honor their parents," and Plaintiff's parents had directed that he not get the vaccine. (*Id.* at 1–2.)

Plaintiff alleges that his belief is derived from the Bible, although his religion is "undisclosed." (*Id.* at 8.) Plaintiff further alleges Rancho Sahuarita discriminated against him because it required him to have a religious leader for the company to review his accommodation request and therefore only "accepted organized religions as having grounds for accommodation requests." (*Id.* at 1.) Plaintiff seeks monetary relief. (*Id.* at 2.)

Plaintiff alleges that on April 23, 2022, Plaintiff applied to Rancho Sahuarita for a "Swim Instructor and/or Lifeguard" employment position.[1] (*Id.* at 8.) On May 7, 2022,

---

[1] All dates in the SAC are approximate.

- 3 -

Plaintiff attended Defendant's skill demonstration meeting. (*Id.*) On May 16, 2022, Plaintiff requested a religious accommodation to waive the company's COVID-19 vaccination requirement. (*Id.*) Plaintiff could not obtain the vaccine due to his "sincerely held religious belief that a child should honor their parents, which means to follow their directions." (*Id.*) Because Plaintiff's parents directed him not to get the vaccine, his belief that he must follow their direction prevented him from getting the vaccine. (*Id.*)

On May 20, 2022, Rancho Sahuarita instructed Plaintiff to submit his request to Mr. Lewis, but Defendant failed to provide Plaintiff with Mr. Lewis's contact information. (*Id.*) On May 23, 2022, Defendant emailed Plaintiff advising him that his religious accommodation paperwork was incomplete and required a letter from Plaintiff's religious leader. (*Id.*) On May 30, 2022, Plaintiff submitted his religious accommodation paperwork to Defendant's manager, Michelle Moreno, and included a statement informing Defendant that Plaintiff did not have a religious leader. (*Id.*) Plaintiff also communicated to Defendant in his accommodation request and in his email the basis for his religious belief, why the religious belief prompted him to refuse the COVID-19 vaccination, and steps he would take to prevent "undue harm" if the accommodation request was granted. (*Id.*)

On June 8, 2022, Plaintiff sent an email to Defendant requesting an update on his application status. (*Id.*) Ms. Moreno responded the same day and advised Plaintiff that his "request was different from other applicants because [he] did not have a religious leader" and that the request was under review. (*Id.*) Defendant never responded to Plaintiff's accommodation request and failed to hire him for the position. (*Id.*)

Plaintiff alleges that other individuals who submitted a "religious accommodation request with a support letter from a religious leader were approved … and hired within a timely manner." (*Id.*) Plaintiff further alleges that but for his religious beliefs, Defendant denied his religious accommodation and failed to hire him. (*Id.*) Plaintiff seeks punitive damages and back pay. (*Id.* at 2.)

///

///

### III. Discussion

#### A. Exhausting Administrative Remedies

To establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the [U.S. Equal Employment Opportunity Commission ("EEOC")], or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *Id*. (citing 42 U.S.C. § 2000e-5(b)). The EEOC complaint must be filed within 180 days of "the alleged unlawful employment practice," or, if the person "initially instituted proceedings with [the] State or local [administrative] agency," within 300 days of "the alleged unlawful employment practice." § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC will issue a "right to sue letter." *See* § 2000e-5(f)(1). Once a person receives this letter, he has 90 days to file suit. *Id*.

Here, Plaintiff alleges the discrimination occurred between May 30, 2022, and June 10, 2022. (Doc. 9 at 6.) Plaintiff filed charges with EEOC and the State of Arizona Attorney General's Office on December 12, 2022. (*Id.* at 9.) Plaintiff further alleges he received a letter from EEOC on May 13, 2024, giving him notice of his right to sue within 90 days of the receipt of the notice. (*Id.* at 13.) Assuming Plaintiff initially instituted proceedings with the state or local administrative agency, his Title VII claim is not time-barred because it falls within the 300 days of the alleged discrimination. Therefore, for purposes of the screening, Plaintiff sufficiently exhausted his administrative remedies.

#### B. Title VII

Title VII prohibits employers from failing to hire or discriminating against applicants with respect to employment opportunities because of the individual's religion. *See* 42 U.S.C. § 2000e-2(a). While the term "because of" typically imports, at a minimum, "the traditional but-for causation," Title VII "relaxes this standard … to prohibit even making a protected characteristic a 'motivating factor' in an employment decision." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc*., 575 U.S. 768, 770, 772–73 (2015) (citing

42 U.S.C. § 2000e-2(m)). Title VII requires "employers to accommodate job applicants' religious beliefs unless doing so would impose an undue hardship." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate" a prospective employee's religious observance or practice without undue hardship.[2] 42 U.S.C. § 2000e(j).

Various theories of discrimination exist under Title VII.[3] To establish religious discrimination on the basis of a failure-to-accommodate theory, Plaintiff must set forth a prima facie case that "(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement."[4] *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004) (quoting *Heller v. EBB Auto. Co.*, 8 F.3d 1433, 1438 (9th Cir.1993)).

A bona fide religious belief is one that is deeply and sincerely held. *See Welsh v. United States*, 398 U.S. 333, 339 (1970). While this "principle does not mean that courts must take plaintiffs' conclusory assertions of violations of their religious beliefs at face value. Still, the burden to allege a conflict with religious beliefs is fairly minimal." *Bolden-Hardge*, 63 F.4th at 1223 (citation omitted). *See also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) (the court may not "question the legitimacy of [an individual's] religious beliefs regarding COVID-19 vaccinations"). Title VII does not require an employer to have "actual knowledge" of the applicant's need for an accommodation, instead, an applicant need only show that "his need for an accommodation

---

[2] "Failure to hire [because of the plaintiff's religious practice] is synonymous with refusing to accommodate the religious practice. To accuse the employer of the one is to accuse him of the other." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 n.2 (2015).
[3] The Court does not consider whether Plaintiff alleges facts under other Title VII theories.
[4] "Once an employee establishes a prima facie case, the burden of proof then shifts to the employer under the second part of the framework to 'establish that it initiated good faith efforts to accommodate the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship.'" *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (quoting *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)).

was a motivating factor in the employer's decision." *Abercrombie*, 575 U.S. at 772.

Plaintiff plausibly alleges a prima facie case that Defendant failed to accommodate his religious belief. First, Plaintiff alleges that he has a bona fide religious belief that he must obey his parents' direction to not get the COVID-19 vaccine, which conflicts with Defendant's vaccine requirement. The role of the Court is to determine whether Plaintiff "has alleged an actual conflict" between his religious beliefs and an employment requirement. *Bolden-Hardge*, 63 F.4th at 1223. While Plaintiff is not a part of an organized religion, Plaintiff alleges his belief is derived from Biblical teachings, which he sincerely holds. By practicing this belief, Plaintiff alleges he was unable to meet Defendant's hiring requirement.

Second, Plaintiff informed Defendant of his belief and of his need for a religious accommodation to not get the vaccine. An employee's notice is sufficient if it provides "only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirement." *See Heller*, 8 F.3d at 1439. Plaintiff alleges he both requested the accommodation and informed Defendant that, because he was not a part of an organized religion, he would not be able to provide a letter from a religious leader.

Third, Plaintiff alleges that because he requested a religious accommodation, or because he is a part of a non-organized religion and thus was unable to get a letter from a religious leader, Defendant did not hire him. Further, Plaintiff alleges that Defendant acknowledged Plaintiff's accommodation request was "different" because it lacked a letter from a religious leader. Plaintiff alleges that the nature of his beliefs, which prompted his initial vaccine-waiver request and his inability to obtain a letter from an organized religious leader, was a motivating factor in Defendant's failure to hire him.

Construing all facts and inferences in Plaintiff's favor, it is plausible to understand that Defendant failed to hire Plaintiff because of Plaintiff's religious practice, which required a religious accommodation and did not conform to Defendant's accommodation request process. Plaintiff meets the minimal burden of pleading a bona fide religious belief

in conflict with Defendant's employment requirement. Therefore, for purposes of screening, Plaintiff's SAC contains sufficient factual matter to state a claim for relief under Title VII.

### IV. Warnings

#### a. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### b. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### c. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

### V. Conclusion

For purposes of screening, Plaintiff successfully exhausted his administrative remedies and states a plausible claim for relief under Title VII.

Accordingly,

**IT IS ORDERED**:

(1) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (doc. 9), this Order, and both summons and request for waiver forms for Defendant Rancho Sahuarita Management Company LLC.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(4) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to: Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(6) A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(7) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently

incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 19th day of September, 2024.

Honorable Angela M. Martinez
United States District Judge